JOYCE v. CHILLICOTHE FOUNDRY & MACHINE WORKS and others.*

(*Circuit Court S. D. Ohio, E. D.*   February, 1883.)

1. LETTERS PATENT NOS. 154,989, 168,663, AND 172,471—LIFTING-JACKS.

Letters patent No. 154,989, issued to Jacob O. Joyce, September 15, 1874, for improvement in lifting-jacks, construed, and limited, in view of the state of the art, to the particular combination of parts described, when constructed, arranged, and operating as shown; and *held* not to cover the devices described in letters patent No. 168,663, issued October 11, 1875, and No. 172,471, issued January 18, 1876, to S. E. Mosher for improvements in lifting-jacks.

2. SAME—WHEN SPECIAL FUNCTION WILL SUSTAIN BROAD CONSTRUCTION OF CLAIM TO KNOWN MECHANICAL DEVICES IN COMBINATION.

Where a special function is relied upon to sustain a broad construction of a claim to known mechanical devices in combination, it must clearly appear that the function in question is one newly called into existence by the use of the devices in the new relation and for the new purpose, and due solely to such use. Such broad construction cannot be predicated upon a function inherent in the construction and operation of the devices themselves, when used in analogous relations or for analogous purposes.

In Equity.

Suit is upon letters patent for an improvement in lifting-jacks, issued September 15, 1874, No. 154,989, to Jacob O. Joyce, complainant, and alleges infringement on the part of defendants, who manufacture lifting-jacks under letters patent issued to S. E. Mosher, October 11, 1875, No. 168,663, and January 18, 1876, No. 172,471; and asks an injunction, and an accounting for profits and damages.

Defendants admit the manufacture of jacks under the Mosher patents, and rely upon the state of the art as necessitating a limited construction of the Joyce patent, under which construction they do not infringe. Defendants cited a number of prior patents, of which the following were introduced at the hearing, and relied upon by counsel for defense:

| | | | | | |
|---|---|---|---|---|---|
| 1 | Smith, L., | Lifting-jack. | No. 56,111. | July | 3, 1866. |
| 2 | Smith, W. N., | Cotton-press. | No. 106,417. | Aug. | 16, 1870. |
| 3 | Smith, W. N., | Cotton-press. | No. 115,126. | May | 23, 1871. |
| 4 | Smith, F. B., | Lifting-jack. | No. 11,303. | July | 11, 1854 |
| 5 | Masser, J. B., | Sash-holder. | No. 51,469. | Dec. | 12, 1866. |
| 6 | Williamson, W. P., | Elevator safety-pawl. | No. 116,656. | July | 4, 1871. |
| 7 | Hutton, Robert, | Sash-holder. | No. 60,735. | Jan. | 1, 1867. |
| 8 | Fasig, D., | Lifting-jack. | No. 36,144. | Aug. | 12, 1862. |
| 9 | Rodgers, A. C., | Sash-holder. | No. 87,708. | Mar. | 9, 1863. |
| 10 | Sawtell, J. N., | Sash-holder. | No. 65,015. | May | 21, 1867. |
| 11 | Genung, R. W., | Lifting-jack. | No. 11,298. | July | 11, 1854. |
| 12 | Connelly, E. G., | Sash-fastener. | No. 10,541. | Feb. | 21, 1854. |
| 13 | Shepherd, Chas. C., | Sash-holder. | No. 122,496. | Jan. | 2, 1872. |

*Reported by J. C. Harper, Esq., of the Cincinnati bar.

*E. E. Wood,* for complainant.

*L. M. Hosea,* for respondents.

MATTHEWS, Justice, (*orally.*)   The letters patent upon which this suit is based contain two claims, only one of which is in controversy, namely, the *first,* which reads as follows:

(1) A pawl for lever-jack, with two or more teeth, and adapted to move in inclined slots, grooves, or guides formed in the frame, substantially as described.

The question of infringement depends upon the latitude of construction given to this claim.

The specification describes, and the drawings show, a frame with parallel sides, between which a pawl moves in parallel slots in the frame, forming guideways inclined toward the vertically-moving ratchet-bar.   The pawl is provided with a series of teeth on the face, adjacent to the ratchet-bar, and, at opposite sides, with projections or lugs engaging in the inclined slots of the frame.   The guide-slots are inclined at an angle of 45 degrees or thereabouts, and the pawl is actuated solely by gravity to move down the inclines, and engage its teeth with those of the ratchet-bar; and the patentee states in his specification, as one of the objects of invention, his purpose to utilize the gravity of the pawl itself, thus arranged, as a substitute for a spring.

It is contended, on behalf of complainant, that the function of the patentee's device is twofold:   *First,* to dispense with the spring usually employed to press the teeth of the pawl against the rack-bar; and, *second,* to obtain greater strength by dividing the load among several teeth of the pawl and rack-bar; and that these two objects could be separately attained by suitable modification of the apparatus within the scope of the invention; for example, by using a spring to start the pawl in movement upon an incline of lesser angle, using the inclined seat to do the holding of the load, as in the defendant's construction.

The defendants manufacture a jack having a many-toothed pawl resting at its bottom upon a seat slightly inclined toward the rack-bar, and actuated by a spring placed behind it within the frame. The inclination of the seat is not sufficient to actuate the pawl by gravity, nor are there any slots or other means of guiding the pawl in the sides of the frame; the function of the inclined seat being rather to assist the spring in preventing a backward slip of the pawl when under pressure, than to facilitate the forward movement of the

pawl, although to the latter result it may contribute in a slight degree.

On behalf of the defendants it is contended that, in view of the state of the art, the patent of the complainant can be sustained only by limiting it to the specific construction and combination of the devices shown; that such in fact is his own statement of invention, making the gravitating function of the pawl, as a substitute for a spring, its essential feature; and that the independent function of causing thereby a more certain engagement of its teeth with those of the rack-bar is old in kindred devices, and not one newly called into existence by the employment of the pawl in a lifting-jack, nor due to its use in that connection, but is inherent in the same construction of parts used for analogous purposes. In support of this view the defendants' counsel presents a number of early patents for lifting-jacks, elevator-cages, sash-holders, etc.

Without referring in detail to the devices exhibited to show the state of the art, I am satisfied that the mechanical principles embodied in the invention of complainant were old and well known in constructions used for the same or analogous purposes; and that his real invention consisted in the construction and arrangement of certain devices in combination by which he adapted those principles in a particular manner to produce his lifting-jack. The claim in question must be limited to the combination of described parts, constructed and operating in the manner shown; that is, a pawl provided with side lugs, moving by gravity alone, between and in inclined guideways in the side walls of the frame.

The bill will be dismissed, with costs, as the defendants do not infringe such claim.